## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TREVOR WINTERS** | **CASE NO. 1:25-cv-00085-CB** |
| **Plaintiff** | **JUDGE CATHY BISSOON** |
| **v.** | |
| **JB LINE CONSTRUCTION, LLC and JOSEPH ERICKSON, Individually and Jointly** | **JURY TRIAL DEMANDED** |
| **Defendants** | |

### ANSWER OF DEFENDANTS JB LINE CONSTRUCTION, LLC AND JOSEPH ERICKSON TO PLAINTIFF'S COMPLAINT

Defendants JB Line Construction, LLC and Joseph Erickson (hereinafter "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, hereby respond as follows:

### THE PARTIES

1.      Defendants deny for lack of knowledge the allegations in paragraph 1 of the Complaint.

2.      Defendants admit the allegations in paragraph 2 of the Complaint.

3.      Defendants admit that Joseph Erickson is an adult and owner and operator of JBL, but deny all remaining allegations in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

**A.    This Court Possesses Subject Matter Jurisdiction Pursuant To 28 U.S.C. § 1331 And Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367.**

4.    Defendants state that the allegations in paragraph 4 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

5.    Defendants state that the allegations in paragraph 5 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

6.    Defendants state that the allegations in paragraph 6 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

7.    Defendants state that the allegations in paragraph 7 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**B.    The United States Court For The Western District Of Pennsylvania Is The Appropriate Venue For This Matter Pursuant To 28 U.S.C. §  1391(b).**

8.    Defendants state that the allegations in paragraph 8 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

9.    Defendants state that the allegations in paragraph 9 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

2

10.     Defendants state that the allegations in paragraph 10 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**C.      This Court May Exercise Personal Jurisdiction Over Defendants.**

11.     Defendants state that the allegations in paragraph 11 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

12.     Defendants state that the allegations in paragraph 12 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

13.     Defendants state that the allegations in paragraph 13 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

14.     Defendants state that the allegations in paragraph 14 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

15.     Defendants state that the allegations in paragraph 15 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants state that the allegations in paragraph 17 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

## FACTUAL BACKGROUND

18.     Defendants admit the allegations in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 of the Complaint.

**A.     (Mislabeled as B) Defendants Denied Plaintiff An Overtime Rate of Pay For Pre-Shift Worked And For Time Spent Traveling.**

20.     Defendants admit the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants deny the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Complaint.

26.     Defendants deny the allegations in paragraph 26 of the Complaint.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint.

29.     Defendants admit that Plaintiff was paid on a commission basis, but deny all remaining allegations in paragraph 29 of the Complaint.

30.     Defendants admit the allegations in paragraph 30 of the Complaint.

31.     Defendants admit the allegations in paragraph 31 of the Complaint.

32.     Defendants admit the allegations in paragraph 32 of the Complaint.

33.     Defendants deny as stated the allegations in paragraph 33 of the Complaint.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny as stated the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

4

**B.      (Mislabeled as C) Defendants Deprived Plaintiff Of Compensation For Hours Worked In October of 2024.**

38.    Defendants deny the allegations in paragraph 38 of the Complaint.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint.

**C.      (Mislabeled as D) Defendants Unlawfully Terminated Plaintiff.**

41.    Defendants admit the allegations in paragraph 41 of the Complaint.

42.    Defendants admit the allegations in paragraph 42 of the Complaint.

43.    Defendants deny the allegations in paragraph 43 of the Complaint.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants deny the allegations in paragraph 48 of the Complaint.

49.    Defendants deny the allegations in paragraph 49 of the Complaint.

50.    Defendants deny the allegations in paragraph 50 of the Complaint.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.    Defendants deny the allegations in paragraph 52 of the Complaint.

53.    Defendants deny the allegations in paragraph 53 of the Complaint.

54.    Defendants deny the allegations in paragraph 54 of the Complaint.

**COUNT I**
**FAILURE TO REMIT WAGES**
**IN VIOLATION OF THE FLSA**
**29 U.S.C. § 201,** *et seq.*

55.     Defendants reincorporate their answers to paragraphs 1 through 54 of the Complaint as if fully restated herein.

56.     Defendants state that the allegations in paragraph 56 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

57.     Defendants state that the allegations in paragraph 57 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

58.     Defendants state that the allegations in paragraph 58 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

59.     Defendants state that the allegations in paragraph 59 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

60.     Defendants state that the allegations in paragraph 60 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

61.     Defendants state that the allegations in paragraph 61 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

62.     Defendants state that the allegations in paragraph 62 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

63.     Defendants state that the allegations in paragraph 63 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

64.     Defendants state that the allegations in paragraph 64 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

65.     Defendants state that the allegations in paragraph 65 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

66.     Defendants state that the allegations in paragraph 66 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

67.     Defendants admit the allegations in paragraph 67 of the Complaint.

**A.     Defendants Are Employers Pursuant To 29 U.S.C. § 203.**

68.     Defendants admit the allegations in paragraph 68 of the Complaint.

69.     Defendants admit the allegations in paragraph 69 of the Complaint.

70.     Defendants admit the allegations in paragraph 70 of the Complaint.

71.     Defendants state that the allegations in paragraph 71 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

72.     Defendants state that the allegations in paragraph 72 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**B.      JBL  Is An "Enterprise Engaged In Commerce" Pursuant To 29 U.S.C. § 203.**

73.     Defendants admit the allegations in paragraph 73 of the Complaint.

74.     Defendants admit the allegations in paragraph 74 of the Complaint.

75.     Defendants state that the allegations in paragraph 75 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

76.     Defendants admit the allegations in paragraph 76 of the Complaint.

77.      Defendants state that the allegations in paragraph 77 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

78.     Defendants state that the allegations in paragraph 78 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

79.     Defendants state that the allegations in paragraph 79 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**C.      Plaintiff Was An Employee Within The Scope Of 29 U.S.C. § 203.**

80.     Defendants state that the allegations in paragraph 80 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

81.     Defendants deny as stated the allegations in paragraph 81 of the Complaint.

82.     Defendants admit the allegations in paragraph 82 of the Complaint.

83.     Defendants state that the allegations in paragraph 83 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

84.     Defendants state that the allegations in paragraph 84 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

85.     Defendants admit the allegations in paragraph 85 of the Complaint.

86.     Defendants admit the allegations in paragraph 86 of the Complaint.

87.     Defendants admit the allegations in paragraph 87 of the Complaint.

88.     Defendants admit the allegations in paragraph 88 of the Complaint.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny as stated the allegations in paragraph 90 of the Complaint.

91.     Defendants state that the allegations in paragraph 91 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**A.      Plaintiff Was Denied An Overtime Rate Of Pay Pursuant To 29 U.S.C. § 207.**

92.     Defendants admit the allegations in paragraph 92 of the Complaint.

93.     Defendants admit the allegations in paragraph 93 of the Complaint.

94.     Defendants deny as stated the allegations in paragraph 94 of the Complaint.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint.

9

**B.       Plaintiff Is Entitled To Liquidated Damages, Attorneys' Fees, And Costs.**

97.      Defendants state that the allegations in paragraph 97 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

98.      Defendants state that the allegations in paragraph 98 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

99.      Defendants state that the allegations in paragraph 99 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

100.     Defendants state that the allegations in paragraph 100 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

101.     Defendants deny the allegations in paragraph 101 of the Complaint.

102.     Defendants deny the allegations in paragraph 102 of the Complaint.

103.     Defendants deny the allegations in paragraph 103 of the Complaint.

104.     Defendants deny the allegations in paragraph 104 of the Complaint.

105.     Defendants deny the allegations in paragraph 105 of the Complaint.

**COUNT II**
**FAILURE TO REMIT WAGES**
**IN VIOLATION OF THE MWA**
**43 P.S. § 333.101,** *et seq.*

106.     Defendants reincorporate their answers to paragraphs 1 through 105 of the Complaint as if fully restated herein.

107.    Defendants state that the allegations in paragraph 107 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

108.    Defendants state that the allegations in paragraph 108 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

### A.    Defendants Are "Employers" Under The MWA.

109.    Defendants state that the allegations in paragraph 109 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

110.    Defendants state that the allegations in paragraph 110 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

111.    Defendants admit the allegations in paragraph 111 of the Complaint.

112.    Defendants admit the allegations in paragraph 112 of the Complaint.

113.    Defendants admit the allegations in paragraph 113 of the Complaint.

114.    Defendants state that the allegations in paragraph 114 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

115.    Defendants state that the allegations in paragraph 115 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**B.**     **(Mislabeled as C) Plaintiff Was An "Employee" Under The MWA.**

116.    Defendants state that the allegations in paragraph 116 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

117.    Defendants state that the allegations in paragraph 117 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

118.    Defendants admit the allegations in paragraph 118 of the Complaint.

119.    Defendants admit the allegations in paragraph 119 of the Complaint.

120.    Defendants admit the allegations in paragraph 120 of the Complaint.

121.    Defendants admit the allegations in paragraph 121 of the Complaint.

122.    Defendants admit the allegations in paragraph 122 of the Complaint.

123.    Defendants deny as stated the allegations in paragraph 123 of the Complaint.

124.    Defendants admit the allegations in paragraph 124 of the Complaint.

125.    Defendants state that the allegations in paragraph 125 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**C.**     **(Mislabeled as D) Defendants' Implementation Of The Overtime Rate Denial Practice Deprived Plaintiff Of An Overtime Rate Of Pay.**

126.    Defendants deny as stated the allegations in paragraph 126 of the Complaint.

127.    Defendants deny the allegations in paragraph 127 of the Complaint.

128.    Defendants deny the allegations in paragraph 128 of the Complaint.

129.    Defendants deny as stated the allegations in paragraph 129 of the Complaint.

130.    Defendants deny the allegations in paragraph 130 of the Complaint.

131.    Defendants deny the allegations in paragraph 131 of the Complaint.

132.    Defendants deny the allegations in paragraph 132 of the Complaint.

133.    Defendants deny the allegations in paragraph 133 of the Complaint.

**D.    (Mislabeled as E) Plaintiff Is Entitled To An Award Of Attorneys' Fees And Costs.**

134.    Defendants state that the allegations in paragraph 134 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

135.    Defendants deny the allegations in paragraph 135 of the Complaint.

136.    Defendants deny the allegations in paragraph 136 of the Complaint.

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

**COUNT III**
**FAILURE TO REMIT WAGES**
**IN VIOLATION OF THE WPCL**
**43 P.S. § 260.1,** *et seq.*

138.    Defendants reincorporate their answers to paragraphs 1 through 137 of the Complaint as if fully restated herein.

139.    Defendants state that the allegations in paragraph 139 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

140.    Defendants state that the allegations in paragraph 140 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

141.    Defendants state that the allegations in paragraph 141 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

142.    Defendants state that the allegations in paragraph 142 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

143.    Defendants state that the allegations in paragraph 143 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

144.    Defendants state that the allegations in paragraph 144 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

145.    Defendants state that the allegations in paragraph 145 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

146.    Defendants admit the allegations in paragraph 146 of the Complaint.

147.    Defendants state that the allegations in paragraph 147 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

A.    **Plaintiff And Defendants Engaged In A Contract For Plaintiff's Employment In Exchange For An Hourly Rate Of Pay.**

148.    Defendants deny as stated the allegations in paragraph 148 of the Complaint.

149.    Defendants deny as stated the allegations in paragraph 149 of the Complaint.

150.    Defendants deny as stated the allegations in paragraph 150 of the Complaint.

14

151.   Defendants deny as stated the allegations in paragraph 151 of the Complaint.

152.   Defendants deny as stated the allegations in paragraph 152 of the Complaint.

**B.     Plaintiff Has Accrued Owed Compensation From Defendants In The Form Of "Wages."**

153.   Defendants deny as stated the allegations in paragraph 153 of the Complaint.

154.   Defendants deny the allegations in paragraph 154 of the Complaint.

155.   Defendants deny the allegations in paragraph 155 of the Complaint.

156.   Defendants deny the allegations in paragraph 156 of the Complaint.

**C.     Defendants Have Failed To Remit Plaintiff His Owed Wages.**

157.   Defendants deny the allegations in paragraph 157 of the Complaint.

158.   Defendants deny the allegations in paragraph 158 of the Complaint.

159.   Defendants deny as stated the allegations in paragraph 159 of the Complaint.

160.   Defendants deny the allegations in paragraph 160 of the Complaint.

161.   Defendants deny the allegations in paragraph 161 of the Complaint.

**D.     An Award Of Liquidated Damages Is Appropriate Given Defendants' Failure To Provide Plaintiff With His Wages.**

162.   Defendants state that the allegations in paragraph 162 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

163.   Defendants deny the allegations in paragraph 163 of the Complaint.

164.   Defendants deny the allegations in paragraph 164 of the Complaint.

165.   Defendants deny the allegations in paragraph 165 of the Complaint.

166.   Defendants deny the allegations in paragraph 166 of the Complaint.

167.   Defendants deny the allegations in paragraph 167 of the Complaint.

15

**E.      Plaintiff Is Entitled To Reasonable Attorneys' Fees And Costs Incurred In Pursuit Of His Unpaid Wages.**

168.    Defendants state that the allegations in paragraph 168 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

169.    Defendants deny the allegations in paragraph 169 of the Complaint.

170.    Defendants deny the allegations in paragraph 170 of the Complaint.

171.    Defendants deny the allegations in paragraph 171 of the Complaint.

## COUNT IV
### UNJUST ENRICHMENT
### UNDER PENNSYLVANIA COMMON LAW

172.    Defendants reincorporate their answers to paragraphs 1 through 171 of the Complaint as if fully restated herein.

173.    Defendants state that the allegations in paragraph 173 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

174.    Defendants state that the allegations in paragraph 174 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

**A.      Plaintiff Conferred A Benefit Upon Defendants By Performing His Workplace Duties And Defendants Appreciated The Benefit Plaintiff Conferred.**

175.    Defendants deny as stated the allegations in paragraph 175 of the Complaint.

176.    Defendants deny the allegations in paragraph 176 of the Complaint.

16

177.    Defendants deny as stated the allegations in paragraph 177 of the Complaint.

**B.    Defendants Accepted The Benefits Plaintiff Conferred And It Is Inequitable For Defendants To Retain Those Benefits Without Compensating Plaintiff.**

178.    Defendants deny as stated the allegations in paragraph 178 of the Complaint.

179.    Defendants deny the allegations in paragraph 179 of the Complaint.

180.    Defendants deny the allegations in paragraph 180 of the Complaint.

181.    Defendants deny the allegations in paragraph 181 of the Complaint.

2.    (Misnumbered) Defendants deny the allegations in paragraph 2 of the Complaint.

182.    Defendants deny the allegations in paragraph 182 of the Complaint.

**COUNT V**
**RETALIATION IN VIOLATION OF THE FLSA**
**29 U.S.C. § 201, *et seq.***

183.    Defendants reincorporate their answers to paragraphs 1 through 182 of the Complaint as if fully restated herein.

184.    Defendants state that the allegations in paragraph 184 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

185.    Defendants state that the allegations in paragraph 185 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

186.    Defendants state that the allegations in paragraph 186 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

187.    Defendants deny the allegations in paragraph 187 of the Complaint.

188.    Defendants deny the allegations in paragraph 188 of the Complaint.

189.    Defendants deny the allegations in paragraphs 189 of the Complaint.

190.    Defendants deny the allegations in paragraph 190 of the Complaint.

## COUNT VI
## RETALIATION IN VIOLATION OF THE MWA
## 43 P.S. § 333.101, *et seq.*

191.    Defendants reincorporate their answers to paragraphs 1 through 190 of the Complaint as if fully restated herein.

192.    Defendants state that the allegations in paragraph 192 of the Complaint contain a legal conclusion for which no response is necessary. To the extent a response is necessary, Defendants deny the same.

193.    Defendants deny as stated the allegations in paragraph 193 of the Complaint.

194.    Defendants deny as stated the allegations in paragraph 194 of the Complaint.

195.    Defendants deny the allegations in paragraph 195 of the Complaint.

196.    Defendants deny the allegations in paragraph 196 of the Complaint.

197.    Defendants deny the allegations in paragraph 197 of the Complaint.

## JURY DEMAND

198.    Defendants state that the allegations in paragraph 198 of the Complaint request a trial by jury for which no response is necessary.

## AD DAMNUM CLAUSE AND PRAYER FOR RELIEF

199.    Defendants deny the allegations in paragraph 199 of the Complaint.

200.    Defendants deny the allegations in paragraph 200 of the Complaint.

201.    Defendants deny the allegations in paragraph 201 of the Complaint.

202.    Defendants deny the allegations in paragraph 202 of the Complaint.

203.    Defendants deny the allegations in paragraph 203 of the Complaint.

204.    Defendants deny the allegations in paragraph 204 of the Complaint.

205.    Defendants deny the allegations in paragraph 205 of the Complaint.

206.    Defendants deny the allegations in paragraph 206 of the Complaint.

207.    Defendants deny the allegations in paragraph 207 of the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants JB Line Construction, LLC and Joseph Erickson reserve the right to assert any and all defenses to Plaintiff's claims.  Defendants have not yet obtained all necessary discovery from Plaintiff or others in connection with this action and therefore reserve the right to amend or otherwise supplement this pleading. Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within the meaning of the Federal Rule of Civil Procedure 8(c), and without conceding that any such defenses must be set forth in their Answer or assuming any burden of proof that they would not otherwise bear, Defendants state as follows:

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff has failed to join all necessary and indispensable parties needed for a just adjudication of this matter pursuant to Rule 19 of the Federal Rules of Civil Procedure.

3.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has failed to exhaust his administrative remedies.

4.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's Complaint seeks relief for any alleged conduct occurring outside of the applicable statutes of limitations.

5.    Defendants' actions regarding Plaintiff were at all times taken for legitimate, non-discriminatory, and non-retaliatory reasons.

19

6.     Plaintiff's separation was consistent with Defendants' policies and procedures.

7.     Plaintiff cannot prove a prima facie case for his claims.

8.     Defendants, at all times, acted reasonably and in good faith.

9.     Plaintiff's Complaint fails to state a claim for damages, including economic damages, liquidated damages, compensatory damages, punitive damages, attorneys' fees and costs, or any other relief.

10.    Defendants are entitled to offset any damages to which Plaintiff may be entitled by actual income Plaintiff has received.

11.    Plaintiff's claims for damages are barred, in whole or in part, to the extent he has failed to mitigate his damages.

12.    Defendants acted in good faith and had reasonable grounds at all times to believe that their actions and decisions with respect to Plaintiff complied with state and federal law.

13.    Plaintiff is precluded from recovery to the extent his own misdeeds, non-misdeeds, actions and/or inactions caused any or all of the alleged injuries or damages in his Complaint, and he is estopped from recovering any damages from Defendants.

14.    Plaintiff's injuries, if any, did not result in whole or in part from Defendants' actions.

15.    Defendants' conduct toward Plaintiff was not malicious, intentional, willful, or in reckless disregard of his rights.

16.    To the extent that Plaintiff seeks punitive damages against Defendants, unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are established by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights.

20

17.    Plaintiff's claims may be barred, in whole or in part, by after acquired evidence.

18.    Defendants exercised good-faith efforts to comply with the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act and the Pennsylvania Wage and Payment Collection Law.

19.    Defendants acted in good faith and in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of the administrator of the Wage and Hour Division of the Department of Labor.

20.    Plaintiff's claims may be barred in whole or in part by the doctrines of laches, waiver, fraud, unclean hands, and/or equitable estoppel.

21.    Plaintiff is not entitled to compensatory or punitive damages on his claims under the Fair Labor Standards Act, the Pennsylvania Minimum Wage Act or the Pennsylvania Wage and Payment Collection Law.

22.    Defendants reserve the right to assert additional defenses or claims that may become known during the course of discovery.

WHEREFORE, having answered, Defendants JB Line Construction, LLC and Joseph Erickson pray that the Complaint be dismissed with prejudice and request that a judgment in favor of Defendants be entered accordingly.

Respectfully submitted,

/s/ Kristin L. Wedell
**KRISTIN L. WEDELL**
**P.A. I.D. No. 320315**
Dickie, McCamey & Chilcote, P.C.
600 Superior Avenue East
Fifth Third Center, Suite 2330
Cleveland, Ohio 44114
216.685.1827 – Telephone
888.811.7144 – Facsimile
kwedell@dmclaw.com
**Attorney for Defendants**
**JB Line Construction, LLC and Joseph Erickson**

## JURY DEMAND

Defendants JB Line Construction, LLC and Joseph Erickson hereby demand a trial by jury of the within action consisting of the maximum number of jurors permitted by law.

/s/ Kristin L. Wedell
**KRISTIN L. WEDELL**
**P.A. I.D. No. 320315**
**Attorney for Defendants**
**JB Line Construction, LLC and Joseph Erickson**

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2025, a true and correct copy of the foregoing Answer of Defendants JB Line Construction, LLC and Joseph Erickson to Plaintiff's Complaint has been filed with the Clerk using the Court's CM/ECF System. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kristin L. Wedell
**KRISTIN L. WEDELL**
**P.A. I.D. No. 320315**
**Attorney for Defendants**
**JB Line Construction, LLC and Joseph Erickson**

22